1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**BURSOR & FISHER, P.A.**
L. Timothy Fisher (State Bar No. 191626)
Annick M. Persinger (State Bar No. 272996)
Yeremey O. Krivoshey (State Bar No. 295032)
1990 North California Blvd., Suite 940
Walnut Creek, CA 94596
Telephone: (925) 300-4455
Facsimile: (925) 407-2700
E-Mail:  ltfisher@bursor.com
           apersinger@bursor.com
           ykrivoshey@bursor.com

*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KALISHA JOHNSON and JOHNETTA MINGO on Behalf of Themselves and all Others Similarly Situated, | Case No. |
| Plaintiffs, | **CLASS ACTION COMPLAINT** |
| v. | |
| COLLECTO, INC. D/B/A EOS CCA, | **JURY TRIAL DEMANDED** |
| Defendant. | |

CLASS ACTION COMPLAINT

1    Plaintiffs Kalisha Johnson and Johnetta Mingo ("Plaintiffs"), individually and on behalf of

2    all others similarly situated, allege the following on information and belief, except that Plaintiffs'

3    allegations as to their own actions are based on personal knowledge.

### NATURE OF THE ACTION

4    1.    Defendant Collecto, Inc. ("Collecto" or "Defendant") operates under the name EOS

5    CCA, and is one of the largest debt collection agencies in the United States.  Defendant uses

6    repeated robocalls, pre-recorded voice messages, and auto-dialed calls to threaten and harass

7    consumers in an attempt to collect.

8    2.    Between March and May 2016, Defendant called Plaintiff Kalisha Johnson at least

9    15 times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice.

10   Ms. Johnson did not give Defendant prior express written consent to make these calls, and

11   requested that Defendant stop calling on at least three occasions.  Defendant's calls continued

12   despite Ms. Johnson's requests.

13   3.    The following chart details 15 of Defendant's calls to Ms. Johnson:

| Date | Time | Number Calling |
|------|------|----------------|
| 3/9/16 | 1:52 PM | (855) 974-6089 |
| 3/11/16 | 4:12 PM | (855) 974-6089 |
| 3/14/16 | 2:05 PM | (855) 974-6089 |
| 3/15/16 | 2:26 PM | (855) 974-6089 |
| 3/16/16 | 12:09 PM | (855) 974-6089 |
| 3/21/16 | 6:35 PM | (855) 974-6089 |
| 3/28/16 | 1:10 PM | (855) 974-6089 |
| 4/1/16 | 1:10 PM | (855) 974-6089 |
| 4/4/16 | 1:48 PM | (855) 974-6089 |
| 4/6/16 | 1:54 PM | (855) 974-6089 |
| 4/13/16 | 8:05 PM | (855) 974-6089 |
| 4/22/16 | 6:45 PM | (855) 974-6089 |
| 4/29/16 | 8:17 PM | (855) 974-6089 |
| 5/2/16 | 6:57 PM | (855) 974-6089 |

| 5/3/16 | 1:06 PM | (855) 974-6089 |

4.     Defendant's calls to Ms. Johnson were made with such frequency as to constitute harassment.  For example, Defendant called Ms. Johnson at 1:52 pm on March 9, 2016.  Defendant called again on March 11, and again on March 14, 15, and 16.

5.     Defendant harassed Plaintiff Johnetta Mingo in a similar fashion, calling her at least 26 times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice.  Ms. Mingo did not give Defendant prior express written consent to make these calls, and requested that Defendant stop calling on multiple occasions.  Defendant's calls continued despite Ms. Mingo's requests.

6.     The following chart details 26 of Defendant's calls to Ms. Mingo:

| **Date** | **Time** | **Number Calling** |
| --- | --- | --- |
| 7/18/15 | 12:08 AM | (855) 974-6089 |
| 7/22/15 | 8:11 PM | (855) 974-6089 |
| 7/27/15 | 10:25 PM | (855) 974-6089 |
| 7/29/15 | 9:35 PM | (855) 974-6089 |
| 8/1/15 | 3:34 AM | (855) 974-6089 |
| 8/5/15 | 10:16 PM | (855) 974-6089 |
| 8/12/15 | 7:11 PM | (855) 974-6089 |
| 8/19/15 | 9:09 PM | (855) 974-6089 |
| 8/21/15 | 5:56 PM | (855) 974-6089 |
| 8/24/15 | 11:44 PM | (855) 974-6089 |
| 8/26/15 | 8:13 PM | (855) 974-6089 |
| 8/28/15 | 7:50 PM | (855) 974-6089 |
| 9/4/15 | 11:57 PM | (855) 974-6089 |
| 9/9/15 | 10:39 PM | (855) 974-6089 |
| 9/11/15 | 11:45 PM | (855) 974-6089 |
| 9/14/15 | 6:52 PM | (855) 974-6089 |
| 9/16/15 | 11:35 PM | (855) 974-6089 |
| 9/21/15 | 10:47 PM | (855) 974-6089 |
| 9/28/15 | 9:51 PM | (855) 974-6089 |
| 9/30/15 | 8:33 PM | (855) 974-6089 |

| 10/2/15 | 7:26 PM | (855) 974-6089 |
|---------|---------|----------------|
| 10/5/15 | 9:33 PM | (855) 974-6089 |
| 11/24/15 | 12:38 AM | (855) 974-6089 |
| 1/13/16 | 8:19 PM | (855) 974-6089 |
| 2/8/16 | 2:23 PM | (855) 974-6089 |
| 2/12/16 | 1:52 PM | (855) 974-6089 |

7.      Defendant's calls to Ms. Mingo were made with such frequency as to constitute harassment.  In addition, at least 14 of Defendant calls to Ms. Mingo were made late into the evening and early morning hours, in attempt to harass and annoy Plaintiff.  For example, On July 18, 2015, Defendant called Ms. Mingo's cellular phone at 12:08 am.  On September 4, 2015, Defendant called at 11:57 pm.  Again at 10:39 pm on September 9, 2015.  And again on September 11, 2015 at 11:45 pm.

8.      Plaintiffs bring this action for injunctive relief and statutory damages arising out of and relating to the conduct of Defendant in negligently, knowingly, and willfully contacting Plaintiffs and class members on their telephones using an artificial or prerecorded voice without their prior express written consent within the meaning of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.* ("TCPA").

9.      Plaintiffs also bring this action for Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. 1692, *et seq.* (hereinafter "FDCPA") and California's Rosenthal Fair Debt Collection Practices Act, Civil Code 1788 *et seq.* (hereinafter, the "Rosenthal Act"), which prohibit debt collectors from engaging in abusive, deceptive and unfair practices in their collection of consumer debts.  Plaintiffs allege that Defendant engaged in a campaign of harassment in an attempt to coerce payment of a consumer debt.

## **PARTIES**

10.      Plaintiff Kalisha Johnson is, and at all times mentioned herein was, a resident of San Jose, California and a citizen of the State of California.

11.      Plaintiff Johnetta Mingo is, and at all times mentioned herein was, a resident of Los Angeles, California and a citizen of the State of California.

12.     Defendant Collecto, Inc. d/b/a EOS CCA is a Massachusetts corporation with its principal place of business located at 700 Longwater Drive, Norwell, MA 02061.  Defendant is a debt collector as defined by 15 U.S.C. § 1692a.

## JURISDICTION AND VENUE

13.     This Court has subject matter jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, Pub. L. No. 109-2 Stat. 4 ("CAFA"), which, *inter alia*, amends 28 U.S.C. § 1332, at new subsection (d), conferring federal jurisdiction over class actions where, as here: (a) there are 100 or more members in the proposed classes; (b) some members of the proposed classes have a different citizenship from Defendant; and (c) the claims of the proposed class members exceed the sum or value of five million dollars ($5,000,000) in aggregate.  *See* 28 U.S.C. § 1332(d)(2) and (6).

14.     This Court also has federal question jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves violations of federal statutes, the TCPA and the FDCPA.  This Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

15.     Venue is proper in this Court under 28 U.S.C. § 1391 because Defendant transacts significant business within this District, Plaintiff Kalisha Johnson resides within this District, and a substantial part of the events giving rise to Plaintiffs' claims took place within this District.

## FACTS COMMON TO ALL CAUSES OF ACTION

A.     **The Telephone Consumer Protection Act Of 1991**

16.     In 1991, Congress enacted the TCPA in response to a growing number of consumer complaints regarding certain telemarketing practices.

17.     Among other things, the TCPA prohibits "initiat[ing] any telephone call to any residential telephone line using an artificial or prerecorded voice to deliver a message without the prior express consent of the called party. . . ."

18.     According to findings by the Federal Communications Commission ("FCC"), such calls are prohibited because prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls are costly and inconvenient.

19.     The FCC has issued rulings clarifying that in order to obtain an individual's consent, a clear, unambiguous, and conspicuous written disclosure must be provided by the individual. 2012 FCC Order, 27 FCC Rcd. at 1839 ("[R]equiring prior written consent will better protect consumer privacy because such consent requires conspicuous action by the consumer—providing permission in writing—to authorize autodialed or prerecorded telemarketing calls. . . .").

**B.      The Federal Fair Debt Collection Practices Act**

20.     The Federal Fair Debt Collection Practices Act was enacted to eliminate abusive practices in the collection of consumer debt and to promote fair debt collection.

21.     Among other things, the FDCPA prohibits debt collectors from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of debt."   Violations of 15 U.S.C. §1692 include "[c]ausing a telephone to ring or engaging any person in telephone conversation repeatedly or continuously with intent to annoy, abuse, or harass any person at the called number," calling before 8:00 a.m. or after 9:00 p.m., failing to cease communication upon request, threatening arrest or legal action, using abusive or profane language, misrepresenting the debt, and using deceit to collect debt.

**C.      Defendant's Calls to Plaintiffs and Class Members**

**Ms. Johnson**

22.     Between March and May 2016, Defendant called Ms. Johnson at least 15 times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice.  These calls were made in an attempt to collect a consumer debt.  Ms. Johnson did not give Defendant prior express written consent to make these calls, and requested that Defendant stop calling on at least three occasions.  Defendant's calls continued despite Ms. Johnson's requests.

23.     Defendant's calls to Ms. Johnson were made with such frequency as to constitute harassment.  For example, Defendant called Ms. Johnson at 1:52 pm on March 9, 2016.  Defendant called again on March 11, and again on March 14, 15, and 16.

24.     When Ms. Johnson answered calls from Defendant, there was silence on the line, indicating the use of an automatic telephone dialing system.

25.     Prior to the calls at issue in this action, Ms. Johnson never had any contact with Defendant.  Ms. Johnson has never consented in writing, or otherwise, to receive autodialed telephone calls from Defendant.  She has never provided Defendant with her telephone number.

26.     Defendant's agents left several messages on Ms. Johnson's voicemail indicating they were attempting to locate an individual other than Ms. Johnson.  Ms. Johnson returned these calls, and informed Defendant that she was not the individual they were attempting to contact and instructed Defendant to stop calling her.  Defendant's calls continued even after Ms. Johnson explained they were calling the wrong individual.

**Ms. Mingo**

27.     Defendant called Ms. Mingo at least 26 times on her cellular telephone using an autodialer and/or an artificial or prerecorded voice.  These calls were made in an attempt to collect a consumer debt.  Ms. Mingo did not give Defendant prior express written consent to make these calls, and requested that Defendant stop calling on multiple occasions.  Defendant's calls continued despite Ms. Mingo's requests.

28.     Defendant's calls to Ms. Mingo were made with such frequency as to constitute harassment.  In addition, at least 14 of Defendant calls to Ms. Mingo were made past the curfew time of 9:00 pm, set by the FDCPA and Rosenthal Act.  For example, On July 18, 2015, Defendant called Ms. Mingo's cellular phone at 12:08 am.  On September 4, 2015, Defendant called at 11:57 pm.  Again at 10:39 pm on September 9, 2015.  And again on September 11, 2015 at 11:45 pm.

29.     When Ms. Mingo answered calls from Defendant, there was a pause before a live person began speaking, indicating the use of an automatic telephone dialing system.

30.     Prior to the calls at issue in this action, Ms. Mingo never had any contact with Defendant.  She has never consented in writing, or otherwise, to receive autodialed telephone calls from Defendant.  She has never provided Defendant with his telephone number.

D.      **Consumer Complaints Regarding Defendant's Unsolicited Calls**

31.     Online consumer complaints regarding Defendant's unsolicited robocalls and autodialed calls originating from the same phone number as used to call Plaintiff's cellphones are abundant:

- "I keep getting calls from this number and they always ask for Maria. I have told them that this number does not belong to anyone by that name, and they have told me that my number will be taken off their call lists. Big lie, because they are still calling me!!"[1]

- "They've told me they'd remove my number...still call. They've told me they were gonna repo my vehicle...I told them to go for it as I am Joe and not Carlos."[2]

- **"When I pick up the phone [it] was like 10 second [until] she respond to me back."[3]**

- "The lady took 8 seconds to respond to my first hellos, sound like she had an auto [dialer] and that when I answered it connected her to the call. She would not tell me who she was or what company she worked for, only that I had to verify my SS#, address and date of birth, which she told me first. She said the only way I will tell you who I am and work for is if you verify the information."[4]

- "Continue to get calls from here, they will not identify themselves."[5]

- "They called and hung up on me."[6]

- "Repeated call and hang ups.  Never gets beyond that.  Callbacks to the number are either busy or don't get beyond."[7]

- "These people call almost everyday…"[8]

- "When I answered, no one was on the other end of the call. When I called back, the person that answered sighed when he answered, didn't state his name clearly, and didn't state the name of the company."[9]

- "It's their second time calling and when I answered I said hello but got no response. Then they hung up."[10]

---

[1] http://800notes.com/Phone.aspx/1-855-974-6089
[2] *Id.*
[3] *Id.*
[4] http://800notes.com/Phone.aspx/1-855-974-6089/2
[5] *Id.*
[6] http://whocallsme.com/Phone-Number.aspx/8559746089
[7] *Id.*
[8] http://whocallsme.com/Phone-Number.aspx/8559746089
[9] http://findwhocallsyou.com/855-974-6089
[10] http://findwhocallsyou.com/855-974-6089

- "This number calls all day and night. I had to block them."[11]

- "They call 2-3 times a week for the last month. I say hello and its quiet and then they hang up. Why call if you are not gonna talk to me."[12]

## CLASS ACTION ALLEGATIONS

32. Plaintiffs bring this action on behalf of themselves and on behalf of all other persons similarly situated.

33. Plaintiffs propose the following Robocall Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone or residential telephone line; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an artificial or prerecorded voice; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

34. Collectively, all these persons will be referred to as the "Robocall Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Robocall Class is the Defendant and any entities in which the Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

35. Plaintiffs also propose the following Autodialer Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) received a non-emergency telephone call; (b) on his or her cellular telephone; (c) made by or on behalf of Defendant; (d) for whom Defendant had no record of prior express written consent; (e) and such phone call was made with the use of an automatic telephone dialing system as defined under the TCPA; (f) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

36. Collectively, all these persons will be referred to as the "Autodialer Class." Plaintiffs represent, and are members of, this proposed class. Excluded from the Autodialer Class is the Defendant and any entities in which the Defendant has a controlling interest, Defendant's

---

[11] *Id.*
[12] https://www.callercenter.com/855-974-6089.html

agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

37.     Plaintiffs further propose the following Internal Do-Not-Call List ("IDNCL") Class definition, subject to amendment as appropriate:

> All persons within the United States who (a) after notifying Defendant that they no longer wished to receive calls from or on behalf of Defendant; (b) received one or more calls from or on behalf of Defendant; (c) using either an artificial or prerecorded voice or an automatic telephone dialing system as defined under the TCPA; (d) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

38.     Collectively, all these persons will be referred to as the "IDNCL Class."  Plaintiffs represent, and are members of, this proposed class.  Excluded from the IDNCL Class is the Defendant and any entities in which the Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

39.     Plaintiffs further propose the following FDCPA Class definition, subject to amendment as appropriate:

> All persons within the United States who received harassing, oppressive, or abusive calls from Defendant including (a) repeated calls to annoy someone, or (b) calling at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person.

40.     Collectively, all these persons will be referred to as the "FDCPA Class."  Plaintiffs represent, and are members of, this proposed class.  Excluded from the FDCPA Class is the Defendant and any entities in which the Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

41.     Plaintiffs also propose the following Rosenthal Act Class definition, subject to amendment as appropriate:

All persons within the State of California who received harassing, oppressive, or abusive calls from Defendant including (a) repeated calls to annoy or harass, (b) calls at times in violation of curfew, such as before 8:00 a.m. or after 9:00 p.m., (c) threats to take any action that cannot legally be taken, or (d) representations or implications that nonpayment of any debt will result in the arrest or imprisonment of any person; (e) at any time in the period that begins four years before the filing of the complaint in this action to the date class notice is disseminated.

42.     Collectively, all these persons will be referred to as the "Rosenthal Act Class." Plaintiffs represent, and are members of, this proposed class.  Excluded from the Rosenthal Act Class is the Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, any Judge and/or Magistrate Judge to whom this action is assigned and any member of such Judges' staffs and immediate families.

43.     Plaintiffs do not know the exact number of members in the proposed classes, but reasonably believe based on the scale of Defendant's business, and the number of online complaints, that the classes are so numerous that individual joinder would be impracticable.

44.     Plaintiffs and all members of the proposed classes have been harmed by the acts of Defendant in the form of multiple involuntary telephone and electrical charges, the aggravation, nuisance, and invasion of privacy that necessarily accompanies the receipt of unsolicited and harassing telephone calls, and violations of their statutory rights.

45.     The disposition of the claims in a class action will provide substantial benefit to the parties and the Court in avoiding a multiplicity of identical suits.  The proposed classes can be identified easily through records maintained by Defendant.

46.     There are well defined, nearly identical, questions of law and fact affecting all parties.  The questions of law and fact involving the class claims predominate over questions which may affect individual members of the proposed classes.  Those common question of law and fact include, but are not limited to, the following:

a.   Whether Defendant made telephone calls to class members using an artificial or prerecorded voice without their prior express written consent;

b.   Whether Defendant's conduct was knowing and/or willful;

c.   Whether Defendant made harassing, oppressive, or abusive telephone calls;

d.   Whether Defendant is liable for damages, and the amount of such damages, and

e.   Whether Defendant should be enjoined from engaging in such conduct in the future.

47.     As persons who received numerous and repeated calls on their telephones through the use of an artificial or prerecorded voice, without their prior express written consent, Plaintiffs assert claims that are typical of each member of the classes.  Plaintiffs will fairly and adequately represent and protect the interests of the proposed classes, and have no interests which are antagonistic to any member of the proposed classes.

48.     Plaintiffs have retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes.

49.     A class action is the superior method for the fair and efficient adjudication of this controversy.  Class wide relief is essential to compel Defendant to comply with the TCPA, FDCPA, and Rosenthal Act.  The interest of the members of the proposed classes in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA, FDCPA, and Rosenthal Act are relatively small.  Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the members of the classes, by definition, did not provide the prior express consent required under the statute to authorize calls to their telephones.

50.     Defendant has acted on grounds generally applicable to the proposed classes, thereby making final injunctive relief and corresponding declaratory relief with respect to the proposed classes as a whole appropriate.  Moreover, on information and belief, Plaintiffs allege that the TCPA, FDCPA, and Rosenthal Act violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

## CAUSES OF ACTION

### FIRST COUNT
### KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT, 47 U.S.C. § 227, *et seq.*

51.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

52.     The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

53.     As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the proposed classes are entitled to treble damages of up to $1,500.00 for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(C).

54.     Plaintiffs and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

55.     Plaintiffs and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

**SECOND COUNT**
**VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT,**
**47 U.S.C. § 227, *et seq.***

56.     Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

57.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the TCPA, including but not limited to each of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

58.     As a result of Defendant's violations of 47 U.S.C. § 227 *et seq.*, Plaintiffs and members of the classes are entitled to an award of $500.00 in statutory damages for each and every call in violation of the statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

59.     Plaintiffs and members of the proposed classes are also entitled to and do seek injunctive relief prohibiting such conduct violating the TCPA by Defendant in the future.

60.     Plaintiffs and members of the proposed classes are also entitled to an award of attorneys' fees and costs.

**THIRD COUNT**
**VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT,**
**15 U.S.C. 1692, *et seq.***

61.      Plaintiffs incorporate by reference the foregoing paragraphs of this Complaint as if fully stated herein.

62.      Defendant's course of conduct as more fully described above constitutes numerous and multiple violations of the FDCPA, 15 U.S.C. § 1692 *et seq.*, including but not limited to 15 U.S.C. § 1692d and e.

63.      As a result of Defendant's actions, Plaintiffs and the FDCPA Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees, and costs, pursuant to 15 U.S.C. § 1692k, *et seq.*

**FOURTH COUNT**
**VIOLATIONS OF THE CALIFORNIA ROSENTHAL FAIR DEBT COLLECTION**
**PRACTICES ACT, Cal. Civ.Code 1788, *et seq.***

64.      Plaintiffs incorporate by reference the foregoing paragraphs of his Complaint as if fully stated herein.

65.      The foregoing acts and omissions by Defendant in its illegal attempt to collect a consumer debt constitute numerous unfair, deceptive, and/or unconscionable trade practices, made unlawful pursuant to the California Rosenthal Fair Debt Collections Practices Act, including but not limited to Cal. Civ. Code § 1788.11(d) and (e).

66.      Defendant also violated Cal. Civ. Code § 1788.17, which requires Defendant to comply with all of the provisions of the FDCPA 15 U.S.C. §§ 1692, *et seq.* in all of its collection efforts.

67.      Therefore, Plaintiffs and the Rosenthal Act Class are entitled to recover statutory damages, actual damages, reasonable attorney's fees and costs.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court grant Plaintiffs and all members of the proposed classes the following relief against Defendant:

a.      Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

b.   As a result of Defendant's willful and/or knowing violations of the TCPA, Plaintiffs seeks for themselves and each member of the proposed classes treble damages, as provided by statute, of up to $1,500.00 for each and every call that violated the TCPA;

c.   As a result of Defendant's violations of the TCPA, Plaintiffs seek for themselves and each member of the proposed classes $500.00 in statutory damages for each and every call that violated the TCPA;

d.   An award of damages as permitted by the FDCPA;

e.   An award of damages as permitted by the Rosenthal Act;

f.   An award of attorneys' fees and costs to counsel for Plaintiffs and the proposed classes;

g.   An order certifying this action to be a proper class action pursuant to Federal Rule of Civil Procedure 23, establishing appropriate classes, finding that Plaintiffs are proper representatives of the classes, and appointing the lawyers and law firm representing Plaintiffs as counsel for the classes;

h.   Such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiffs demand a trial by jury of any and all issues in this action so triable of right.


Dated:  July 19, 2016                    Respectfully submitted,

                                         **BURSOR & FISHER, P.A.**

                                         By:   */s/ Yeremey Krivoshey*
                                                 Yeremey Krivoshey

                                         L. Timothy Fisher (State Bar No. 191626)
                                         Annick M. Persinger (State Bar No. 272996)
                                         Yeremey O. Krivoshey (State Bar No.295032)
                                         1990 North California Blvd., Suite 940
                                         Walnut Creek, CA  94596
                                         Telephone: (925) 300-4455

Email:  ltfisher@bursor.com
            apersinger@bursor.com
            ykrivoshey@bursor.com

**BURSOR & FISHER, P.A.**
Scott A. Bursor (State Bar No. 276006)
888 Seventh Avenue
New York, NY  10019
Telephone: (212) 989-9113
Facsimile:  (212) 989-9163
E-Mail: scott@bursor.com

*Attorneys for Plaintiffs*